# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 15, 2016 Session

## STATE OF TENNESSEE v. RICKY THOMPSON

### Appeal from the Criminal Court for Knox County
### No. 104175        G. Scott Green, Judge

### No. E2015-02464-CCA-R3-CD

D. KELLY THOMAS, JR., J., dissenting.

I agree with the majority's discussion of the photographs and subsequent legal analysis of their admissibility; however, I do not agree that the error in admitting the surgical photographs was harmless.

In determining whether non-constitutional errors are harmless, "Tennessee law places the burden on the defendant who is seeking to invalidate his or her conviction to demonstrate that the error 'more probably than not affected the judgment or would result in prejudice to the judicial process.'" State v. Rodriguez, 254 S.W.3d 361, 372 (Tenn. 2008) (quoting Tenn. R. App. P. 36(b)). "When assessing the impact of a non-constitutional error, appellate courts must review the record as a whole, considering properly admitted evidence of the defendant's guilt." State v. Curtis Scott Harper, No. E2014-01077-CCA-R3-CD, 2015 WL 6736747, at *17 (Tenn. Crim. App. Nov. 3, 2015) (citing Rodriguez, 254 S.W.3d at 372). "The greater the amount of evidence of guilt, the heavier the burden on the defendant to demonstrate that a non-constitutional error involving a substantial right more probably than not affect[ed] the outcome of the trial." Id.

Here, as evidenced by the jury verdict, the evidence of guilt against the Defendant for aggravated assault and robbery was weak. The record clearly establishes that the victim suffered serious bodily injury; however, there was conflicting evidence regarding the circumstances of how the victim obtained these injuries. The victim admitted to being intoxicated on the evening of the incident, and the testimony of Marquita Cruze, a disinterested witness, directly contradicted the victim's version of events. The jury was

tasked with weighing evidence from persons of questionable credibility and, apparently, discounted significant portions of the victim's testimony in that the Defendant was acquitted of the robbery charge. But for the gruesome surgical photographs, the jury may have acquitted the Defendant of both robbery and reckless aggravated assault. Convicting the Defendant of the lesser-included offense of reckless aggravated assault does not necessarily mean that the jury's decision was not improperly influenced. The surgical photographs were inflammatory and their probative value does not outweigh the danger of unfair prejudice. Thus, given the weakness of the State's proof against the Defendant, it is more probable than not that these photographs affected the jury's decision and resulted in prejudice to the judicial process. Respectfully, I would reverse the conviction.

_____

D. KELLY THOMAS, JR., JUDGE